IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL EDWARD TRAVER,            :

    Plaintiff,                   :

vs.                               :   CIVIL ACTION 18-0020-KD-M

FEDERAL BUREAU OF INVESTIGATION,: 

    Defendant.                   :

## REPORT AND RECOMMENDATION

Plaintiff Michael Edward Traver, who is proceeding *pro se*, filed a self-styled Complaint along with a Motion to Proceed Without Prepayment of Fees ("Motion"). (Doc. 2). Plaintiff's Motion has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S).[1] After reviewing Plaintiff's Motion[2] and action, it is recommended that this action be dismissed without prejudice, prior to service of process, for failure to prosecute and to obey the Court's Local Rules.

Plaintiff's brief, one-page Complaint identifies only the

---

[1] A Magistrate Judge is authorized to "determin[e] all pretrial proceedings and motions made in civil cases[.]" S.D. Ala. GenLR 72(a)(2)(S).

[2] By filing this Motion, Plaintiff seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. This section subjects Plaintiff's Complaint to screening and ultimately to dismissal if the Court determines that the Complaint is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Federal Bureau of Investigation ("FBI") as a Defendant. (Doc. 1). Plaintiff titled his Complaint — "Civil Lawsuit claiming failure to comply with federal law obstruction tampering and falsifying federal document to conceal information and federal corruption." (*Id.*). According to Plaintiff's allegations, he informed the FBI of the actions of doctors and nurses at Mobile Infirmary and of having been sexually assaulted there; an FBI agent reported Plaintiff to his probation officer; he was called a sexual deviant, predator, and child molester because he had pornography on his cell phone; and the FBI told him file a civil rights lawsuit because it would not "file" on its own people. (*Id.*). For relief, Plaintiff seeks $75 million, a national apology, and justice for his pain and suffering and personal damage. (*Id.*).

The Complaint does not contain Plaintiff's personal signature and physical address. (*Id.*). Rather, it reflects a typewritten signature with a typewritten email address. (*Id.*). However, Plaintiff's Motion does contain his personal signature, along with the same email address. (Doc. 2 at 1, 4). His Complaint and Motion do not contain a physical address and telephone number. And, in his Motion, he states that he is homeless. (*Id.* at 1).

On the docket sheet, after the entries for the Complaint

and Motion, the Clerk's Office noted on January 19, 2018, that Plaintiff did not have an address or telephone number and did not sign the consent to receive email notices.  The Clerk sent two emails to Plaintiff to come in and sign the consent form, which has not been done.  Moreover, the docket sheet shows that Plaintiff has taken no action since filing the Complaint and Motion on January 18, 2018.

In examining the Court's docket, the undersigned discovered that on February 6, 2018, a criminal action was instituted against Plaintiff for assault, *U.S. v. Traver,* CR No. 18-00028-CG-B (S.D. Ala. pending).[3]  In this criminal action, Plaintiff was transferred, pursuant to the Court order entered on February 23, 2018 (Doc. 18), to a facility for psychological or psychiatric evaluation.  (Doc. 18, at 2-3).  Subsequently, the Court received the ordered Forensic Mental Health Evaluation of Plaintiff (Doc. 20), and scheduled a competency hearing for Plaintiff on Monday, July 16, 2018, at the United States Courthouse, Mobile, Alabama, inasmuch as Plaintiff is now housed at the Escambia County Jail.  (Doc. 21).

---

[3] The Court takes judicial notice of its records.  *ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. July 20, 1981).  In addition to the above criminal action against Plaintiff on the Court's docket, the Court discovered that Plaintiff filed *Traver v. USA,* CA No. 18-0012-WS-C (S.D. Ala. pending), on January 16, 2018.

This Court's Local Rules governing persons proceeding without counsel require that "[a]ny person proceeding *pro se* must, . . . , keep the Clerk informed of his . . . current address and telephone number. A *pro se* party must promptly notify the Clerk of any change of address or telephone number. Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action[.]" S.D. Ala. GenLR 83.5(b). This Rule also provides that a *pro se* litigant is bound by the Court's Local Rules and the Federal Rules of Civil and Criminal Procedure. S.D. Ala. GenLR 83.5(a); *see Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) ("once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Furthermore, a *pro se* litigant is required to personally sign each document filed and to include, beneath the signature, his name, address, and telephone number. S.D. Ala. GenLR 5(a)(4).

If a plaintiff's objective is to proceed with litigation against a defendant by filing a complaint, it is fundamental that the plaintiff provide the Court with his contact information, so the Court and the defendant can contact him and send documents to him. Plaintiff has not done this in the present action and has not responded to the emails sent by the

4

Clerk's Office to sign a consent form.

Courts have the inherent power to manage their own affairs in order "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (a court's inherent authority to dismiss an action *sua sponte* is not constrained by the Federal Rules of Civil Procedure).  In considering the choice of sanctions available to the Court in the present action, the Court concludes that its choices are limited by Plaintiff's unwillingness to be in contact with the Court either by emailing or writing.  However, if the Court did not take action, it would be permitting this action to languish on its docket until Plaintiff contacted the Court and complied with the directive of the Clerk's Office to sign the consent form.  Therefore, the undersigned finds that an appropriate sanction for failure to comply with Local Rule 83.5(b) is the dismissal without prejudice of this action.  S.D. Ala. GenLR 83.5(b) (providing for the dismissal of a *pro se* plaintiff's action for failure to provide the Court with a current address or telephone number and any changes in them); *see Lucy v. Walter Mortg. Co.,* CA No. 09-0167-KD-M, 2009 WL 3336685, at *3 (S.D. Ala. Oct. 14, 2009) (unpublished) (dismissing a *pro se* plaintiff's complaint for failure to keep the Court informed of his current address);

*United States v. Langford,* 2010 WL 2595007, at *1 (S.D. Ala. June 24, 2010) (unpublished) (same).

Inasmuch as Plaintiff appears to be in a situation where he can receive regular mail and correspond with the Court by regular mail, the undersigned recommends that this action be dismissed without prejudice for failure to prosecute and to obey the Court's Local Rules.[4]  The Clerk is directed to send Plaintiff's copy of the Report and Recommendation to him at the Escambia County Jail, 113 Court Street, Brewton, Alabama 36401. *See United States v. Traver,* CR No. 18-00028-CG-B, Doc. 21.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. §

---

[4] In the passing the Court observes that the Complaint sued a Defendant that is not an entity capable of being sued.  A federal agency, such as the FBI, cannot be sued in its own name unless Congress has authorized it.  *See Blackmar v. Guerre,* 342 U.S. 512, 515, 72 S.Ct. 410, 412, 96 L.Ed.2d 534 (1952).  Congress has not authorized the bringing of suit against the FBI in its own name. *Halagarda v. Federal Bureau of Investigation,* 815 F.2d 77, at *1 (6th Cir. Feb. 12, 1987) (unpublished); *Laspopoulos v. FBI*, 884 F. Supp. 214, 215 (E.D. La. 1995); *Painter v. Federal Bureau of Investigation,* 537 F. Supp. 232, 235 (N.D. Ga.), *aff'd,* 694 F.2d 255 (11th Cir. 1982).  Thus, this action lacks legal merit and would be subject to dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1833 104 L.Ed.2d 338 (1989).

636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 10th day of July, 2018.

                                        s/ BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE